FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ECOLAB, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>JEFFREY McCAULEY,<br><br>    Defendant. | NO: 2:18-CV-202-RMP<br><br>ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is an unopposed motion for entry of a stipulated protective order. ECF No. 5. Having reviewed the protective order proposed by Plaintiff Ecolab Inc. and Defendant Jeffrey McCauley, through their respective attorneys of record, the Court finds good cause to grant the motion and enter the agreed-upon protective order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Stipulated Protective Order, **ECF No. 5**, is **GRANTED**. The protective order in effect is set forth below.

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 1

# **PROTECTIVE ORDER**

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to any of the Parties to this action or to non-parties, the Producing Party may designate those

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 2

particular documents as "Confidential—Attorneys' Eyes Only."

4. The parties agree to designate Confidential Information on a good faith basis and not for purposes of improperly impeding a non-designating party's access to information concerning the lawsuit. If any party believes that a document, information, or other material that has been designated Confidential Information does not contain Confidential Information, the party will notify the designating party of its objection to the "Confidential" or "Confidential—Attorneys' Eyes Only" designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, material, and/or tangible item after the objecting party has provided written notice to the designating party of its objection.

5. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, the designating party shall file within twenty (20) calendar days after counsel meet and confer a motion for an order for protection prohibiting disclosure of any matter the objecting party asserts was improperly identified as a Confidential Information or Confidential—Attorneys' Eyes Only. Any disputed documents, materials and/or tangible items must be treated as a Confidential Information or Confidential—Attorneys' Eyes Only under this Protective Order until entry of a Court order ruling otherwise.

6. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such party shall have until

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 3

twenty (20) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than Qualified Persons and the deponent during these twenty (20) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than to Qualified Persons during said twenty (20) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Stipulation.

7. The procedures set forth in Paragraphs 4, 5, and 6 above shall apply to designations by non-parties, who may seek appropriate relief from the Court pursuant to this Order.

8. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 4

9. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

10. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (c) parties to this litigation; (d) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (e) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such

witnesses need to know such information; (f) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

11. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who

have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

12. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(g) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance (Exhibit A).

13. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 10 and Paragraph 11 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

14. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

15. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order,

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 7

nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

16. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the Producing Party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of information or documents by a receiving party prior to such later designation shall not in and of itself be deemed a violation of the provisions of this Order. This Order shall be governed by Federal Rule of Evidence 502(d).

17. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 8

product materials, shall be returned to the Producing Party.

18. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

19. The procedures set forth in above shall apply to documents and information produced by non-parties and documents produced by McCauley containing confidential proprietary information of non-parties, who may seek appropriate relief from the Court pursuant to this Order.

20. Nothing herein shall affect or restrict the rights of any party or non-party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

/ / /

/ / /

/ / /

/ / /

21. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 21, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ~ 10